UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re:<br><br>Dane Michael Vandervoort,<br>    Debtor. | Bky. No. 18-41071-KHS<br>Chapter 7 |
| SouthPoint Financial Credit Union,<br>    Plaintiff,<br><br>vs.<br><br>Dane Michael Vandervoort,<br>    Defendant. | Adv. No. _____ |

## ADVERSARY COMPLAINT

SouthPoint Financial Credit Union, by and through its undersigned attorney, as and for its complaint against Dane Michael Vandervoort, states and alleges as follows:

### PARTIES

1. Plaintiff SouthPoint Financial Credit Union ("SouthPoint") is a credit union, duly operating under the laws of the State of Minnesota, with an address germane to these proceedings located at 924 Main Street East, Sleepy Eye, Minnesota 56085.

2. Defendant Dane Michael Vandervoort ("Vandervoort") is a Minnesota resident residing at 130 Douglas Avenue East, Hector, Minnesota 55342.

### JURISDICTION AND VENUE

3. This adversary proceeding is brought pursuant to Bankruptcy Rule 7001 and arises under 11 U.S.C. § 523. This Court has exclusive jurisdiction over this action pursuant to 28 U.S.C. §§ 157 and 1334, Bankruptcy Rule 7001(6) and Local Rule 7004.

4. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157.

5. Venue is appropriate in this jurisdiction pursuant to 28 U.S.C. § 1409.

## GENERAL FACTUAL BACKGROUND

### Loan 649-2

6. Vandervoort and SouthPoint entered into a Loan and Security Agreement and Disclosure Statement dated July 14, 2017, in the original principal amount of $10,000.00 ("Note 649-2").

7. To secure the repayment of the indebtedness due and owing to SouthPoint under Note 649-2, Vandervoort granted SouthPoint a security interest in a 2001 GMC Sierra pickup, VIN 1GTHK29141E318289 (the "Pickup").

8. Vandervoort defaulted under the terms of Note 649-2, which default includes, but is not necessarily limited to, failing to make the payments when due under the Note 649-2.

9. Vandervoort voluntarily surrendered the Pickup to SouthPoint, and SouthPoint is in the process of liquidating the Pickup.

10. As of July 3, 2018, the indebtedness due and owing to SouthPoint under Note 649-2 was a principal balance of $9,419.33, interest of $472.02, and late charges of $105.00 for a total of $9,996.35, exclusive of accruing and unpaid interest, and attorneys' fees, costs and expenses (the "Note 649-2 Indebtedness").

### Loan 649-3

11. Vandervoort and SouthPoint entered into a Loan and Security Agreement and Disclosure Statement dated July 14, 2017, in the original principal amount of $8,624.00 ("Note 649-3").

12. To secure the repayment of the indebtedness due and owing to SouthPoint under Note 649-3, Vandervoort granted SouthPoint a security interest in a 2010 Polaris Ranger 800

Heavy Duty Electronic Fuel Injection, VIN 4XAVH76A6AD099741, together with all attachments, accessories, additions and accessions (the "Ranger").

13. SouthPoint duly perfected its security interest in the Ranger by filing a UCC Financing Statement with the Minnesota Secretary of State's office on July 17, 2017, as Filing Number 957680600022.

14. On information and belief and without SouthPoint's permission, Vandervoort liquidated, sold, transferred and/or disposed of the Ranger that was subject to SouthPoint's valid, validly perfected security interest and failed to turn over the proceeds and/or account for the disposition of the Ranger.

15. Vandervoort also defaulted under the terms of Note 649-3, which default includes, but is not necessarily limited to, failing to make the payments when due under the Note 649-3.

16. As of July 3, 2018, the indebtedness due and owing to SouthPoint under Note 649-3 was a principal balance of $8,074.21, interest of $371.18, and late charges of $105.00, for a total of $8,550.39, exclusive of accruing and unpaid interest, and attorneys' fees, costs and expenses (the "Note 649-3 Indebtedness").

**Loan 649-4**

17. Vandervoort entered into a Retail Installment Contract and Security Agreement dated July 24, 2017, in the original principal amount of $27,172.34, which was assigned to SouthPoint ("Note 649-4").

18. To secure the repayment of the indebtedness due and owing to SouthPoint under Note 649-4, Vandervoort granted SouthPoint a security interest in a 2017 Ford Fusion, VIN 3FA6P0H77HR398820 (the "Ford").

19. Vandervoort defaulted under the terms of Note 649-4, which default includes, but is not necessarily limited to, failing to make the payments when due under the Note 649-4.

20. Vandervoort voluntarily surrendered the Ford to SouthPoint, and SouthPoint liquidated the Ford in a commercially reasonable manner.

21. As of July 3, 2018, the indebtedness remaining due and owing to SouthPoint under Note 649-4 was a principal balance of $11,128.53 and interest of $913.36 for a total of $12,041.89, exclusive of accruing and unpaid interest, and attorneys' fees, costs and expenses (the "Note 649-4 Indebtedness").

## Definitions

22. Note 649-2, Note 649-3, and Note 649-4 may be collectively referred to herein as the "Notes". The Note 649-2 Indebtedness, Note 649-3 Indebtedness, and Note 649-4 Indebtedness may be collectively referred to herein as the "Indebtedness".

## Bankruptcy Filing

23. On April 5, 2018, Vandervoort filed a petition for relief under Chapter 7 of Title 11 of the United States Code as Bankruptcy Case No. 18-41071.

## COUNT I

24. SouthPoint restates the allegations of paragraphs 1 - 23 above, inclusive, as though fully set forth below.

25. Vandervoort is not entitled to a discharge of the Note 649-3 Indebtedness due and owing to SouthPoint pursuant to the provisions of 11 U.S.C. § 523(a)(6).

26. Without SouthPoint's permission, Vandervoort liquidated, sold, transferred and/or disposed of the Ranger in which SouthPoint had a valid, validly perfected security interest .

27. Vandervoort failed to remit the proceeds of said sale, transfer, and/or right to payment of the Ranger to SouthPoint in violation of Note 649-3.

28. Vandervoort engaged in a pattern of fraudulent conduct by being willful and causing malicious injury to SouthPoint by liquidating, selling, transferring, and/or disposing the Ranger out of trust and without the permission of SouthPoint and failing to turn over the proceeds of said sale and/or transfer.

29. Vandervoort's actions with respect to the conversion of the Ranger, subject to SouthPoint's security interest, constitute a willful and malicious injury by Vandervoort to the property of SouthPoint.

30. As a direct result of Vandervoort's willful and malicious injury to SouthPoint by liquidating, selling, transferring, and/or disposing of the Ranger, and failing to submit the proceeds of said sale and/or transfer or right to payment to SouthPoint, Vandervoort's obligations to SouthPoint under Note 649-3 are not dischargeable pursuant to the provisions of 11 U.S.C. § 523(a)(6).

## COUNT II

31. SouthPoint restates the allegations of paragraphs 1 - 30 above, inclusive, as though fully set forth below.

32. Vandervoort is not entitled to a discharge of the Indebtedness due and owing to SouthPoint pursuant to the provisions of 11 U.S.C. § 523(a)(2)(B).

33. Vandervoort obtained money, extensions, renewal and/or refinancing of credit by submitting financial information that was materially false with regards to Vandervoort's financial condition and status.

2475528.1

34. SouthPoint reasonably relied upon the financial information submitted by Vandervoort in approving the loans and advancing monies under the loans.

35. Vandervoort made the false financial statements with the intent to mislead SouthPoint so that SouthPoint would approve his loans.

36. As a result of Vandervoort's financial information, upon which SouthPoint relied, Vandervoort's obligations to SouthPoint under the Notes are not dischargeable pursuant to the provisions of 11 U.S.C. § 523(a)(2)(B).

WHEREFORE, SouthPoint prays for an Order of this Court:

a. Determining that Vandervoort's obligations and Indebtedness to SouthPoint are not dischargeable pursuant to the provisions of 11 U.S.C. § 523(a);

b. Entering judgment against Vandervoort for the non-dischargeable debt, in an amount to be determined at trial;

c. Awarding SouthPoint its costs, disbursements, and attorneys' fees incurred in connection with this matter; and

d. For such other relief as the Court deems just and equitable.

Dated this 3rd day of July, 2018.

    /e/ Michael S. Dove
Michael S. Dove   #214310
GISLASON & HUNTER LLP
2700 South Broadway
P. O. Box 458
New Ulm, MN  56073-0458
Phone:  507-354-3111
Fax:  507-354-8447

*Attorneys for SouthPoint Financial Credit Union*

## VERIFICATION

I, Michael J. Schmid, Vice President of Business Services of SouthPoint Financial Credit Union, named in the foregoing adversary complaint, declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information, and belief.

Executed on: July __3__, 2018

Michael J. Schmid
SouthPoint Financial Credit Union
920 Main St. E.
Sleepy Eye, MN 56085